UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CAROLYN CARTER,**

          **Plaintiff,**

                                Case No.      05-74410

**v.**

                                **HONORABLE DENISE PAGE HOOD**

**DANIEL B. RUSSELL, et. al.,**

          **Defendants.**

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF

## DEFAULT JUDGMENT

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff Carolyn Carter's Motion for Entry of Default Judgment, pursuant to Fed. R. Civ. P. 55(b)(2), against Defendants Daniel B. Russell, Scott K. Kissner, Scott K. Kissner Title and Escrow Company, Mark Dawkins and Ken Lamb.[1]

**II.    STATEMENT OF FACTS/BACKGROUND**

Defendant filed the instant action on October 6, 2005 alleging: (1) fradulent misrepresentation; (2) civil conspiracy to defraud; (3) conversion/unjust enrichment/constructive trust; (4) equitable mortgage; (5) Michigan Usury statute violation; (6) violation of Racketeer Influenced and Corrupt Organizations Act; (7) Federal Truth-in-Lending Act violations; (8) Michigan Consumer Protection Act violations; (9) Exemplary damages; (10) Mortgage Brokers,

---

[1] The Court notes that Defendants U.S. Bank National Association, Fremont Investment and Loan and Paramount Bankcorp, Inc. have been dismissed with prejudice (Docket No.'s 50, 55). Accordingly, the only remaining Defendant not before the Court on the instant Motion for Entry of Default Judgment is Defendant Comerica Inc., d.b.a. Comerica Bank.

Lenders and Servicers Licensing Act violations. Plaintiff's allegations arise out of an attempted refinance of her home, at 135744 Longacre, Detroit, Mi.

Plaintiff asserts that Defendant Kissner appeared in pro per and attorney William McConico appeared on behalf of Defendants Russell and Dawkins at a scheduling conference on April 24, 2006. On September 27, 2006, the Clerk entered a Default against Defendants Daniel B. Russell, Scott K. Kissner, Scott K. Kissner Title and Escrow Company, Mark Dawkins and Ken Lamb for failure to plead or otherwise defend after being served with a summons and complaint.

### III.   APPLICABLE LAW & ANALYSIS

Federal Rules of Civil Procedure 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(b)(2) states that upon application by the party, the Court may enter a Judgment by Default. Rule 55(b)(2) further provides: "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . ."

On March 21, 2007, a hearing was held on Plaintiff's Motion for Entry of Default Judgment. The only parties in attendance were Plaintiff Carolyn Carter, Defendant Daniel B. Russell and Defendant Mark Dawkins. Both Defendants Russell and Dawkins appeared without counsel. Defendant Russell argued that he had retained John Dingle as his attorney, but that Mr. Dingle was unable to attend the hearing. Defendant Russell stated that, although he has been aware of this action for some time, his previous attorney instructed him not to answer or otherwise defend against the case. Although admitting that he received the Complaint and has been aware of the instant

litigation for the past two years, Defendant Dawkins stated that the first correspondence he received as to the default judgment was three weeks ago, as he changed residences from Ohio to California. Defendant Dawkins further stated that he did not currently have, but planned to retain an attorney for this matter. The Court adjourned the matter until April 3, 2007, and instructed Defendants Dawkins and Russell to retain attorneys if they so desired, have their attorneys file an appearance, attend the hearing with an attorney or otherwise defend in pro per. At the April 3, 2007 hearing, none of the Defendants appeared and the Court granted Plaintiff's Motion for Entry of Default Judgment. The Court, however, took the issue of damages under advisement.

The Court finds that Defendants Daniel B. Russell, Scott K. Kissner, Scott K. Kissner Title and Escrow Company, Mark Dawkins and Ken Lamb have failed to answer or otherwise defend the instant action. As stated on the record at the April 3, 2007 hearing, Plaintiff is entitled to a Judgment by Default pursuant to Fed. R. Civ. P. 55(b). Plaintiff admits that the damages sought are not for a sum certain, however, Plaintiff requests entry of Default Judgment in the amount of $300,000 against each abovementioned Defendant. (Mot. for Entry of Default J. at 3-5).

As Plaintiff has admitted that the damages sought are not for a sum certain and Plaintiff has not demonstrated that $300,000 against each abovementioned Defendant is the proper measure of damages, pursuant to Rule 55(b)(2), the Court finds it necessary to conduct a hearing to establish the proper amount of damages.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default Judgment against Defendants Daniel B. Russell, Scott K. Kissner, Scott K. Kissner Title and Escrow Company, Mark Dawkins and Ken Lamb **[Docket No. 51-2, filed February 9, 2007]** is GRANTED.

IT IS FURTHER ORDERED that a hearing is scheduled for October 3, 2007, at 2:00 p.m. to establish the proper amount of damages.

                              s/ DENISE PAGE HOOD
                              DENISE PAGE HOOD
                              United States District Judge

DATED: September 19, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 19, 2007, by electronic and/or ordinary mail.

                              S/William F. Lewis
                              Case Manager